NIN, APPELLANT, *v.* REGISTRAR OF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Mortgage.

No. 417.—Decided May 29, 1919.

POWER OF ATTORNEY—CONJUGAL PARTNERSHIP—MORTGAGE.—The power conferred by a wife upon her husband and another attorney in fact that ''jointly and severally, as to the properties that her said husband may own in the Island of Porto Rico, he or the other attorney in fact may give the express consent of the principal in all transactions that he may enter into for making sales, mortgages, cancelations, and other acts and contracts for the execution of which such consent may be necessary,'' does not include the necessary express authorization to mortgage the properties of the conjugal partnership as required by section 1615 of the Civil Code.

ID.—ID.—ID.—An attorney in fact who is authorized to mortgage the properties owned by his principal at the time or such as he may thereafter acquire, is not authorized to mortgage properties belonging to the conjugal partnership of which his principal is a member, because express power is necessary for such an act.

The facts are stated in the opinion.

*Messrs. Benet & Souffront* for the appellant.

The respondent appeared by brief.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On April 2, 1919, Antonio Soler, as the attorney in fact of the spouses Adolfo Andreu and Casimira Catalá, mortgaged a property belonging to his principals to secure the payment of a sum of money which they owed to José Nin Fontanillas. The mortgage deed having been presented for record in the Registry of Property of San Germán, the registrar refused to record it because the powers given to Soler ''do not expressly authorize him to encumber properties of the conjugal partnership, as is the property mortgaged.''

The power of attorney given by Casimira Catalá was executed in Barcelona, Spain, in the year 1910, and contains the following clause: ''That she confers full, ample and special power, to such extent as the law may require and as may be necessary, upon her husband, Adolfo Andreu y Ferrer, of this city, and upon Antonio Soler y Aymat, a resident of Maricao (Porto Rico), jointly and severally, as to

the properties that her said husband may own in the Island of Porto Rico, so that he or the other attorney in fact may give the express consent of the constituent in all transactions that the former may enter into for sales, mortgages, cancelations and other acts and contracts for the execution of which such consent of the constituent may be necessary.'' And the power executed by Adolfo Andreu in Maricao, Porto Rico, also in the year 1910, confers upon the attorney the most ample powers as to ''the properties which he owns at present or such as he may acquire thereafter.''

Section 159 of the Civil Code provides that the real property belonging to the conjugal partnership can not be alienated or encumbered without the mutual consent of both parties to the marriage. And section 1615 of the same code prescribes that in order to create a mortgage an express commission is required.

In the case at bar there is an express authority to mortgage, but that authority does not refer expressly to the properties of the conjugal partnership composed of the spouses Andreu-Catalá, and the mortgaged property is such.

The power executed by the wife is not clear. It was her intention undoubtedly to include the properties belonging to the conjugal partnership, but such intention should have been expressed in direct, clear and precise language as required by law.

We have already seen that the power given by the husband refers to ''the properties which he owns at present or such as he may acquire hereafter.'' That language does not specifically include the properties of the conjugal partnership. It was so held by this court in *Vidal* v. *The Registrar of Property,* 12 P. R. R. 163, where we laid down the following doctrine: ''Where an agent is authorized to sell the property of his principal, or any that he might acquire in the future, he is not authorized to sell the property belonging to the conjugal partnership of his principal, and for this purpose he would require special authority.'' This doctrine

was ratified in the case of *López Landrón v. The Registrar
of Property*, 15 P. R. R. 703; was cited in *Fernández Pérez
v. Registrar of Caguas*, 26 P. R. R. 673, and has been re-
cently applied in *Beauchamp v. Registrar of Aguadilla*,
*ante*, p. 356.

The decision must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and
Hutchison concurred.